UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA,    )<br>        Plaintiff,  )<br>    v.                      )<br>                        )<br>SEKOU SILLAH, a/k/a        )<br>SEKOU SYLLA,               )<br>        Defendant.  )<br>                        ) | Criminal No. 05-10161-RCL |

**PRELIMINARY ORDER OF FORFEITURE**

**LINDSAY, D.J.,**

WHEREAS, on June 24, 2005, the United States Attorney filed a one count Information charging Sekou Sillah, a/k/a Sekou Sylla (the "Defendant"), with unlicensed money remitting, in violation of 18 U.S.C. § 1960;

WHEREAS, the Information sought the forfeiture, pursuant to 21 U.S.C. § 982(a)(1), of any property, real or personal, involved in the offense in violation of 18 U.S.C. § 1960 charged in Count One of the Information, and any property traceable to such property, including but not limited to the following:

(1) Two money orders with a total face value of $674.00[1];

(2) $38,299.00 in United States currency[2]; and

---

[1] The money orders are more particularly described as United States Postal Money Order No. 07599259980, in the amount of $400.00, and United States Postal Money Order No. 92316587286, in the amount of $274.00.

[2] The actual amount of forfeitable currency was later determined to be $37,625.00 in United States currency.

    (3)    1075 counterfeit and pirated CDs and DVDs, more or less[3],

(collectively, the "Forfeitable Property");

WHEREAS, the Information further provided that if any of the above-described Forfeitable Property, as a result of any act or omission of the Defendant, (a) could not be located upon the exercise of due diligence; (b) had been transferred or sold to, or deposited with, a third party; (c) had been placed beyond the jurisdiction of the Court; (d) had been substantially diminished in value; or (e) had been commingled with other property which could not be subdivided without difficulty, that it was the intention of the United States, pursuant to 21 U.S.C. § 853(p), as incorporated by 18 U.S.C. § 982(b)(1), to seek forfeiture of any other property of the Defendant up to the value of the previously described Forfeitable Property;

WHEREAS, on August 1, 2005, the Defendant pled guilty to Count One of the Information, pursuant to a plea agreement dated July 26, 2005;

WHEREAS, in Section Eight of the plea agreement, the Defendant agreed to forfeit to the United States any and all assets subject to forfeiture pursuant to 18 U.S.C. § 982(a)(1) as a result of his guilty plea, including without limitation the

---

[3]The actual number of counterfeit and pirated CDs in the custody of the United States is 105, and the actual number of counterfeit and pirated DVDs in the custody of the United States is 35.

2

Forfeitable Assets, which the Defendant admitted were subject to forfeiture;

WHEREAS, based upon evidence set forth in the plea agreement, the United States has established the requisite nexus between the Forfeitable Property and the offense to which the Defendant has pled guilty and the Forfeitable Property is subject to forfeiture to the United States pursuant to 18 U.S.C. § 982(a)(1);

WHEREAS, by virtue of the Defendant's guilty plea, and his subsequent conviction on Count One of the Information, the United States is now entitled to a Preliminary Order of Forfeiture against the Forfeitable Property, or substitute assets in a value up to the amount of the Forfeitable Property.

ACCORDINGLY, it is hereby ORDERED, ADJUDGED, and DECREED that:

1.   The Court finds, pursuant to Rule 32.2(b)(1) of the Federal Rules of Criminal Procedure, based upon the facts set forth by the government in support of the Defendant's guilty plea and the admissions contained in the plea agreement, that the government has established the requisite nexus between the Forfeitable Property and the offense to which the Defendant pled guilty.  Accordingly, all of the Defendant's interests in the Forfeitable Property are hereby forfeited to the United States of

3

America for disposition pursuant to 21 U.S.C. § 853(a) and (p), as incorporated by 18 U.S.C. § 982(b)(1).

2.  If the Forfeitable Property, as a result of any act or omission by the Defendant, (a) cannot be located upon the exercise of due diligence; (b) has been transferred or sold to, or deposited with a third party; (c) has been placed beyond the jurisdiction of the court; (d) has been substantially diminished in value; or (e) has been commingled with other property which cannot be divided without difficulty, the United States is entitled to seek forfeiture of any other property of the Defendant, up to the value of the Forfeitable Property, pursuant to 21 U.S.C. § 853(p), as incorporated by 18 U.S.C. § 982(b)(1).

3.  The United States of America, United States Department of Homeland Security ("USDHS") shall hold the Forfeitable Property in its secure custody and control.

4.  Pursuant to 21 U.S.C. § 853, USDHS shall take all other appropriate steps pursuant to the applicable provisions of 21 U.S.C. § 853, as incorporated by 18 U.S.C. § 982(b)(1), to seize, forfeit, and dispose of the Forfeitable Property, giving notice as required by law.

5.  Pursuant to 21 U.S.C. § 853(n)(1), as incorporated by 18 U.S.C. § 982(b)(1), the United States shall publish, at least once for three successive weeks in a newspaper of general circulation in the District of Massachusetts, notice of this

Order and of the United States' intent to dispose of the Forfeitable Property in such manner as the Attorney General, or his authorized representatives, may direct.

6.  Pursuant to 21 U.S.C. § 853(n), as incorporated by 18 U.S.C. § 982(b)(1), the United States may also, to the extent practicable, provide direct written notice to any person known to have alleged an interest in the Forfeitable Property that are the subject of this Order of Forfeiture as a substitute for published notice as to those persons so notified.

7.  Pursuant to 21 U.S.C. § 853(n)(2) and (3), as incorporated by 18 U.S.C. § 982(b)(1), the notice referred to above shall state: (a) that any person, other than the Defendant, asserting a legal interest in the Forfeitable Property, shall within thirty (30) days of the final publication of the notice or that person's receipt of direct written notice, whichever is earlier, file a petition with the United States District Court in Boston, Massachusetts, requesting a hearing to adjudicate the validity of his or her interest in the Forfeitable Property; and (b) that the petition shall be signed by the petitioner under the penalty of perjury and shall set forth the nature and extent of the petitioner's right, title or interest in the Forfeitable Property, the time and circumstances of the petitioner's acquisition of the right, title or interest in the Forfeitable

Property, any additional facts supporting the petitioner's claim, and the relief sought.

8. Pursuant to 21 U.S.C. § 853(n)(7), as incorporated by 18 U.S.C. § 982(b)(1), following the Court's disposition of all petitions filed under this subsection, or if no such petitions are filed following the expiration of the period provided in 21 U.S.C. § 853(n)(2), as incorporated by 18 U.S.C. § 982(b)(1), for the filing of such petitions, the United States of America shall have clear title to the Forfeitable Property.

9. Upon adjudication of all third party interests, this Court will enter a Final Order of Forfeiture pursuant to 21 U.S.C. § 853(n), as incorporated by 18 U.S.C. § 982(b)(1), and Rule 32.2 of the Federal Rules of Criminal Procedure, in which all interests will be addressed.

_____
REGINALD C. LINDSAY
United States District Judge

Dated: 1/20/2006